**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO MONTES RAMIREZ, | No. 15-72620 |
| Petitioner, | Agency No. A072-228-513 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017**

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Julio Montes Ramirez, a native and citizen of Mexico, petitions for review

of the Department of Homeland Security's ("DHS") order reinstating his 2001

order of removal, and an immigration judge's ("IJ") determination that he did not

have a reasonable fear of persecution or torture. Our jurisdiction is governed by 8

U.S.C. § 1252. Our review of DHS' reinstatement order is "limited to confirming

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's compliance with the reinstatement regulations," and we review de novo due process claims and questions of law. *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1136-37 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Montes Ramirez has waived review of the IJ's determination under 8 C.F.R. § 1208.31(a) that he did not have a reasonable fear of persecution or torture and thus is not entitled to relief from his reinstated removal order. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

The DHS did not err in issuing Montes Ramirez's reinstatement order, where the record shows, and Montes Ramirez does not contest, that he is an alien, he was subject to a prior order of removal in 2001, and he illegally reentered the United States subsequent to that order. *See Garcia de Rincon*, 539 F.3d at 1137 (listing the three determinations underlying a reinstatement order that may be reviewed); 8 U.S.C. § 1231(a)(5) (if the DHS "finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date").

We lack jurisdiction to review Montes Ramirez's collateral challenges to the underlying 2001 removal order because this petition for review is not timely as to that decision, *see* 8 U.S.C. § 1252(b)(1), and Montes Ramirez has not established a gross miscarriage of justice so as to permit review, *see Garcia de Rincon*, 539 F.3d at 1138 (while a petitioner is generally prevented from collaterally attacking an underlying removal order on constitutional due process grounds, § 1252(a)(2)(D) permits some measure of review if the petitioner can demonstrate a "gross miscarriage of justice" in the prior proceedings).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**